```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

WILLIAM HART JR.,

                    Plaintiff,            09 Civ. 5159

     -against-                             OPINION

NEW YORK UNIVERSITY HOSPITALS
CENTER,

                    Defendant.

------------------------------------X

A P P E A R A N C E S:


          Pro Se

          WILLIAM HART, JR.
          2410 8th Avenue, Apt. #12A
          New York, NY  10027


          Attorneys for Defendant

          NYU LANGONE MEDICAL CENTER
          Labor & Employment
          One Park Avenue, 16th Floor
          New York, NY  10016
          By: Daniel T. Driesen, Esq.
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/11/10

**Sweet, D.J.**

Defendant, NYU Hospitals Center ("NYUHC" or the "Defendant") (s/h/a/ New York University Hospitals Center), has moved pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss certain claims contained in the complaint of the plaintiff pro se, William Hart, Jr., ("Hart" or the "Plaintiff") alleging various claims of discrimination, retaliation and denial of reasonable accommodations. Upon the conclusions set forth below, the motion is granted and the claims seeking to relitigate matters already adjudicated by the New York State Division of Human Rights and claims that are time-barred under the Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 20003, et seq. and the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12112, et seq. are dismissed.

**Prior Proceedings**

The complaint was filed on June 3, 2009 by Hart alleging discrimination regarding assignments, positions, and a conflict with his superior, Ms. Pineda. The instant

motion for partial dismissal of the complaint was marked fully submitted on December 2, 2009.

**The Facts**

A court may consider documents other than the complaint, including documents that are incorporated in it by reference or in which the plaintiff had knowledge and relied on in bringing the suit.  See Tilley v. ADM Sec. Investigations, 2008 U.S. Dist. LEXIS 23086, *4 (E.D.N.Y. Mar. 24, 2008) (citing Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67, 71 (2d Cir. 1997) cert. den., 525 U.S. 1103, 119 S. Ct. 868, 142 L. Ed.2d 770 (1999)); Faconti v. Potter, 242 Fed. Appx. 775, 777 (2d Cir. 2007) (unpubl.) (the court may review "documents either in plaintiff[s] possession or of which plaintiff [] had knowledge and relied on in brining suit.").

Hart suffered an injury for which a Workers' Compensation claim was filed and was continuously out of work from February 21, 2007, until his termination on April 22, 2008.

On September 5, 2007, while on Workers Compensation leave, Hart filed a complaint against the instant defendant (named therein as New York University Medical Center) with the New York State Division of Human Rights ("NYSDHR") alleging employment discrimination based on disability, race and retaliation, alleging, inter alia, unfair work assignments, job positions, vacations and personal days.

On February 19, 2008, the NYSDHR issued a Determination and Order after Investigation dismissing the NYSDHR complaint and dually-filed EEOC Charge (Federal Charge No. 16GA704834).  The State Division dismissed Plaintiff's discrimination and retaliation claims, finding that there was no probable cause to believe that Defendant had engaged in or was engaging in the alleged unlawful discriminatory processes.  In the Determination and Order it was further revealed that Plaintiff unsuccessfully alleged that he was subjected to unfair criticism, disrespect, and discipline, including a conflict with his superior, Hilda Pineda.

On April 15, 2008, the Equal Employment Opportunity Commission ("EEOC") issued a Dismissal and

Notice of Rights wherein it adopted the findings of the NYSDHR. See EEOC Notice, Driesen Aff., Exh. "4." Plaintiff neither appealed the NYSDHR determination in state court within sixty days of that decisions issuance, nor did he file a federal lawsuit in response to the issuance of the Dismissal by the EEOC.

On or about August 12, 2008, Plaintiff filed a new Charge of Discrimination with the EEOC.

On March 31, 2009, the EEOC issued a Dismissal and Notice of Rights finding that it was unable to conclude that the statutes had been violated and notified Plaintiff of his right to file suit in federal court within 90 days.

Under F. R. Civ. P. Rule 12(b)(6) dismissal is warranted where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Ricciuti v. N.Y. City Trans. Auth., 941 F.2d 119, 123 (2d Cir. 1991) (quoting, Conley v. Gibson, 355 U.S. 41, 45-46, 2 L. Ed.2d 80, 78 S. Ct. 99 (1957)). "This caution applies with greater force where the complaint is submitted pro se or the plaintiff alleges civil rights violations." Sykes v. James, 13 F.3d 515, 519

(2d Cir. 1993); Branum v. Clark, 927 F.2d 698, 705 (2d Cir. 1991).

**The Federal Claims Regarding Harassment and Discrimination in the Workplace Occurring Prior to October 15, 2007 Are Time-Barred**

Other than those claims arising out of the April 22, 2008 confrontation with the Senior Director of the Department, all of Plaintiff's Title VII and ADA claims are untimely. Title VII and ADA claims may not lie unless the Plaintiff has filed a timely charge of discrimination with the EEOC. Buckvar v. City of New York, 2000 U.S. Dist. LEXIS 2889, *7 (S.D.N.Y. March 13, 2000) (citing Miller v. ITT Corp., 755 F.2d 20, 23 (2d Cir. 1985)); see also Tewksbury v. Ottaway Newspapers, Inc., 192 F.3d 322, 328-29 (2d Cir. 1999); 42 U.S.C. § 2000e-5(e)(1). Although Plaintiff is pro se, and thus granted more leniency by the court, a motion to dismiss must be granted for any claim base on an event occurring prior to 300 days from filing a charge of discrimination with the EEOC. Pell v. Trustees of Columbia Univ., 1998 U.S. Dist. LEXIS 407, *17-18 (S.D.N.Y. Jan. 21, 1998).

Except as incorporated in his dismissed NYSDHR complaint, Hart did not file an EEOC Charge regarding his race and disability discrimination claims until August 12, 2008. Accordingly, all acts occurring more than 300 days prior (pre-dating October 15, 2007) are untimely. Here, Plaintiff did not engage in active employment after he commenced his Workers' Compensation leave on February 21, 2007. Therefore, none of the alleged discriminatory acts concerning positions, assignments and interactions with his superior, Ms. Pineda, can fall within the 300-day window.

For the foregoing reasons, the Court dismisses all of Plaintiff's Title VII and ADA claims are time-barred, other than those that arose in connection with his April 22, 2008 encounter with the Senior Director, Peter Aguilar.

**The Federal, State and City Claims Adjudicated By The New York State Division of Human Rights Are Dismissed**

New York State Human Rights Law provides that:

> Any person claiming to be aggrieved by an unlawful discriminatory practice shall have a cause of action in any court of appropriate jurisdiction for damages . . . and such other

>     remedies as may be appropriate . . . unless such
>     person had filed a complaint hereunder or with
>     any local commission on human rights [. . . ].

N.Y. Exec. Law § 297(9).

The New York City Human Rights Law likewise prohibits an aggrieved person from pursuing claims of discrimination if "such person has filed a complaint with the city commission on human rights or with the state division of human rights." N.Y.C. Admin. Code § 8-502(a); Fleury v. N.Y. City Transit Auth., 160 Fed. Appx. 34 (2d Cir. 2005) (unpubl.). "Thus, by the terms of the statute and code, respectively, [. . .] NYHRL and CHRL claims, once brought before the NYSDHR, may not be brought again as a plenary action in another court." York v. Ass'n of the Bar of the City of New York, 286 F.3d 122, 127 (2d Cir.), cert. denied, 537 U.S. 1089, 123 S. Ct. 702, 154 L. Ed.2d 633 (2002); Lennon v. City of New York, 392 F. Supp.2d 630, 640-41 (S.D.N.Y. 2005).

Here, Hart brought his claims of discrimination and harassment before the New York State Division of Human Rights on September 5, 2007. That complaint, filed over five months after he left the workplace on his Workers'

Compensation leave, was dismissed by the State Division on February 19, 2008. Accordingly, because Plaintiff elected to pursue his remedies before the State Division of Human Rights, all of the claims of discrimination raised in that forum are outside the scope of review in this action. Since Plaintiff did not return to work after his HYSDHR complaint was filed (except for the impromptu encounter on April 1, 2008), all of the allegations of workplace discrimination in the instant complaint fall within the scope of the prior unsuccessful NYSDHR complaint.

Because the EEOC adopted the findings of the State Division and issued a Notice of Suit Rights on April 15, 2008, Plaintiff's failure to file an action within 90 days of that issuance bars all federal claims under Title VII and the ADA that were raised in the NYSDHR complaint. 42 U.S.C. § 2000e-5(f)(1); 42 U.S.C. § 12117(a).

**Conclusion**

The Defendant's motion to dismiss all claims, other than those arising from the alleged interactions on April 22, 2008, is granted, and the claims described above are dismissed.

It is so ordered.

New York, NY
February 9, 2010

ROBERT W. SWEET
U.S.D.J.